**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MQ GAMING, LLC, and CREATIVE KINGDOMS TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LEGO SYSTEMS, INC., LEGO BRAND RETAIL, INC., WARNER BROS. HOME ENTERTAINMENT INC., WARNER BROS. INTERACTIVE ENTERTAINMENT INC., and WB GAMES INC.,<br><br>Defendants. | C.A. No. 1:19-cv-00905-MN<br><br>**JURY TRIAL DEMANDED** |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANTS LEGO SYSTEMS, INC., LEGO BRAND RETAIL, INC., WARNER BROS. HOME ENTERTAINMENT INC., WARNER BROS. INTERACTIVE ENTERTAINMENT INC., AND WB GAMES INC.**

Defendants LEGO Systems, Inc. and LEGO Brand Retail, Inc. (the "LEGO Defendants") and Defendants Warner Bros. Home Entertainment Inc., Warner Bros. Interactive Entertainment, a division of Warner Bros. Home Entertainment Inc. (incorrectly named herein as "Warner Bros. Interactive Entertainment Inc."), and WB Games Inc. (the "Warner Defendants," together with the LEGO Defendants, the "Defendants"), by and through their undersigned counsel, hereby files their answer, affirmative defenses and counterclaims in response to the Complaint (the "Complaint") filed by MQ Gaming, LLC and Creative Kingdoms Technologies LLC ("Plaintiffs") concerning U.S. Patent Nos. 8,475,275, 8,702,515, 8,790,180, 8,814,688, 9,039,533, 9,162,149, 9,272,206, 9,393,491, 9,393,500, 9,463,380, 9,616,334, 9,737,797, 9,770,652, 9,993,724, 10,010,790, 10,022,624, and 10,179,283 (the "Asserted Patents").

## ANSWER

Pursuant to Fed. R. Civ. P. 8(b)(3), each of the Defendants denies any allegation in the Complaint that is not otherwise specifically admitted or denied herein.

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore deny them.

2. The LEGO Defendants admit that they are corporations existing under the laws of the State of Delaware, and state that their principal place of business is located at 100 Print Shop Road, Enfield, Connecticut 06083-1600.

3. The LEGO Defendants admit that they or their affiliates have offered products to customers under the brand name "LEGO® Dimensions."

4. The Warner Defendants deny the allegation of Paragraph 4 as to Warner Bros. Interactive Entertainment Inc. The Warner Defendants also deny the allegation of Paragraph 4 that WB Games Inc. is a Delaware corporation. The Warner Defendants admit the remaining allegations set forth in Paragraph 4 of the Complaint.

5. The Warner Defendants admit that they or their affiliates have sold products to distributors and retailers under the brand name "LEGO® Dimensions" and have provided support services for those products for customers who may reside in the United States.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The LEGO Defendants admit that this Court has personal jurisdiction over the LEGO Defendants.

8. The Warner Defendants deny the allegations of Paragraph 8 as to WB Games Inc. and Warner Bros. Interactive Entertainment Inc. The Warner Defendants admit that this Court has personal jurisdiction over Warner Bros. Home Entertainment Inc. WB Games Inc. is a corporation organized under the laws of, and having its principal place of business in, the State of Washington.

9. Defendants admit that the Complaint purports to state claims arising under the patent laws of the United States of America, 35 U.S.C. § 100 *et seq*., but denies that there is any legal or factual basis for any such claims. Defendants admit that this Court has subject matter jurisdiction over the purported subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants admit that venue exists in this District for the claims against Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b). However, Defendants deny that this Court is the most convenient venue for litigation of the claims in the Complaint, and Defendants reserve the right to assert that a change of venue under 28 U.S.C. §1404 is appropriate.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

**NATURE OF THIS ACTION**

11. Defendants admit that the Complaint purports to state claims arising under the patent laws of the United States of America, 35 U.S.C. § 100 *et seq*., but denies that there is any legal or factual basis for any such claims. The Warner Defendants deny the allegations of Paragraph 11 of the Complaint as to WB Games Inc. The Warner Defendants admit that Warner Bros. Home Entertainment Inc. or an affiliate of Warner Bros. Home Entertainment Inc. have sold products to distributors and retailers under the brand name "LEGO® Dimensions," including but not limited to LEGO® Dimensions Starter Packs, LEGO® Dimensions Story Packs, LEGO® Dimensions Level Packs, LEGO® Dimensions Team Packs, and LEGO® Dimensions Fun Packs. The LEGO Defendants admit that they or their affiliates have offered products to customers

under the brand name "LEGO® Dimensions," including but not limited to LEGO® Dimensions Starter Packs, LEGO® Dimensions Story Packs, LEGO® Dimensions Level Packs, LEGO® Dimensions Team Packs, and LEGO® Dimensions Fun Packs. To the extent that Paragraph 11 of the Complaint contains any additional factual allegations directed at Defendants, Defendants deny them. Specifically, Defendants deny that they infringe, contribute to the infringement of, and/or actively induce others to infringe the Asserted Patents.

## BACKGROUND

12. Defendants lack knowledge sufficient to form a belief with respect to the allegations of Paragraph 12 and therefore deny them.

13. Defendants lack knowledge sufficient to form a belief with respect to the allegations of Paragraph 13 and therefore deny them.

14. Defendants admit that the application that became U.S. Patent No. 6.811,489 was filed in November, 2000 and that the assignee of U.S. Patent No. 6,811,489 is Nintendo Co. Ltd. Defendants state that U.S. Patent No. 6,811,489 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 14 and therefore deny them.

15. Defendants lack knowledge sufficient to form a belief with respect to the allegations of Paragraph 15 and therefore deny them.

16. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore deny them.

17. Defendants admit that Activision launched "Skylanders" in 2011. Defendants lack knowledge with respect to the remaining allegations of Paragraph 17 and therefore deny them.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth allegations of Paragraph 18 and therefore deny them.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore deny them.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore deny them.

21. The Warner Defendants deny the allegations of Paragraph 21 of the Complaint as to Warner Games Inc. The Warner Defendants admit that Warner Bros. Home Entertainment Inc. or an affiliate of Warner Bros. Home Entertainment Inc. have sold products to distributors and retailers under the brand name "LEGO® Dimensions" in 2015. Defendants admit that the quoted language of Paragraph 21 appears on the cited third-party website, but lack knowledge as to its source and deny the accuracy of the characterizations made therein. Defendants deny any remaining allegations of Paragraph 21.

22. Defendants admit that the quoted language of Paragraph 22 appears on the third-party websites cited, but lack knowledge as to its source and deny the accuracy of the characterizations made therein. Defendants deny the remaining allegations of Paragraph 22 of the Complaint, including all characterizations of the websites or other uncited reports and the inferences drawn therefrom.

23. Defendants admit that the quoted language in Paragraph 23 appears on the website cited, but lack knowledge as to its source and deny the accuracy of the characterizations made therein. Defendants deny the remaining allegations of Paragraph 23 of the Complaint, including all characterizations of the websites or of LEGO® Dimensions' purported "success."

24. Defendants deny the allegations of Paragraph 24 set forth in the Complaint.

25. The Warner Defendants admit that *The LEGO Batman Movie* was produced and distributed by Warner Bros. and initially released in theaters in the United States on February 10, 2017. The LEGO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding *The LEGO Batman Movie*. Defendants admit that a LEGO Batman Movie "Story Pack" and "Fun Pak" were released on or about February 10, 2017. As to the referenced website, Defendants lack knowledge as to its source and deny the accuracy of the characterizations made therein. Defendants deny the remaining allegations of Paragraph 25 of the Complaint.

26. The Warner Defendants admit that the LEGO Batman Movie grossed over $175 million at the United States domestic box office and had over $52 million in home video sales. The Warner Defendants deny the remaining allegations of Paragraph 26 of the Complaint. The LEGO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore deny them.

27. Defendants deny the allegations of the first sentence of Paragraph 27. The Warner Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and therefore deny them. The LEGO Defendants admit that they did not agree to the licensing terms demanded by MQ Gaming and deny the remaining allegations of the second sentence of Paragraph 27. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio." The LEGO Defendants deny any other allegations in the third sentence of Paragraph

27. The LEGO Defendants admit that they did not meet in-person with representatives of MQ Gaming. The LEGO Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. The Warner Defendants deny receiving a letter from MQ Gaming in October 2017. The Warner Defendants admit receiving a letter from MQ Gaming in July 2018 but deny the remaining allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

## THE PATENTS IN SUIT

30. Defendants admit that the face of U.S. Patent No. 8,475,275 (the "'275 Patent") bears the title "Interactive Toys and Games Connecting Physical and Virtual Play Environments," and that it purports to have been issued by the U.S. Patent and Trademark Office ("USPTO") on July 2, 2013. Defendants admit that what purports to be a copy of the '275 Patent is attached to the Complaint as Exhibit 1. Defendants deny that the '275 Patent was duly and lawfully issued.

31. Defendants admit that the face of U.S. Patent No. 8,702,515 (the "'515 Patent") bears the title "Multi-Platform Gaming System using RFID-Tagged Toys," and that it purports to have been issued by the USPTO on April 22, 2014. Defendants admit that what purports to be a copy of the '515 Patent is attached to the Complaint as Exhibit 2. Defendants deny that the '515 Patent was duly and lawfully issued.

32. Defendants deny that the face of U.S. Patent No. 8,790,180 (the "'180 Patent") bears the title "Computer-readable storage medium storing program instructions for a wireless computer gaming system." Defendants admit that the '180 Patent purports to have been issued by the USPTO on July 29, 2014. Defendants admit that what purports to be a copy of the '180 Patent is attached to the Complaint as Exhibit 3. Defendants deny that the '180 Patent was duly and lawfully issued.

33. Defendants admit that the face of U.S. Patent No. 8,814,688 (the "'688 Patent") bears the title "Customizable Toy for Playing a Wireless Interactive Game Having Both Physical and Virtual Elements," and that it purports to have been issued by the USPTO on August 26, 2014. Defendants admit that what purports to be a copy of the '688 Patent is attached to the Complaint as Exhibit 4. Defendants deny that the '688 Patent was duly and lawfully issued.

34. Defendants admit that the face of U.S. Patent No. 9,039,533 (the "'533 Patent") bears the title "Wireless Interactive Game Having Both Physical and Virtual Elements," and that it purports to have been issued by the USPTO on May 26, 2015. Defendants admit that what purports to be a copy of the '533 Patent is attached to the Complaint as Exhibit 5. Defendants deny that the '533 Patent was duly and lawfully issued.

35. Defendants deny that the face of U.S. Patent No. 9,162,149 (the "'149 Patent") bears the title "Methods for providing interactive entertainment." Defendants admit that the '149 Patent purports to have been issued by the USPTO on October 20, 2015. Defendants admit that what purports to be a copy of the '149 Patent is attached to the Complaint as Exhibit 6. Defendants deny that the '149 Patent was duly and lawfully issued.

36. Defendants admit that the face of U.S. Patent No. 9,272,206 (the "'206 Patent") bears the title "System and Method for Playing an Interactive Game," and that it purports to have been issued by the USPTO on March 1, 2016. Defendants admit that what purports to be a copy of the '206 Patent is attached to the Complaint as Exhibit 7. Defendants deny that the '206 Patent was duly and lawfully issued.

37. Defendants admit that the face of U.S. Patent No. 9,393,491 (the "'491 Patent") bears the title "Wireless Entertainment Device, System and Method," and that it purports to have been issued by the USPTO on July 19, 2016. Defendants admit that what purports to be a copy of

the ’491 Patent is attached to the Complaint as Exhibit 8. Defendants deny that the ’491 Patent was duly and lawfully issued.

38. Defendants admit that the face of U.S. Patent No. 9,393,500 (the "’500 Patent") bears the title "Wireless Interactive Game Having Both Physical and Virtual Elements," and that it purports to have been issued by the USPTO on July 19, 2016. Defendants admit that what purports to be a copy of the ’500 Patent is attached to the Complaint as Exhibit 9. Defendants deny that the ’500 Patent was duly and lawfully issued.

39. Defendants admit that the face of U.S. Patent No. 9,463,380 (the "’380 Patent") bears the title "System and Method for Playing an Interactive Game," and that it purports to have been issued by the USPTO on October 11, 2016. Defendants admit that what purports to be a copy of the ’380 Patent is attached to the Complaint as Exhibit 10. Defendants deny that the ’380 Patent was duly and lawfully issued.

40. Defendants admit that the face of U.S. Patent No. 9,616,334 (the "’334 Patent") bears the title "Multi-Platform Gaming System Using RFID-Tagged Toys," and that it purports to have been issued by the USPTO on April 11, 2017. Defendants admit that what purports to be a copy of the ’334 Patent is attached to the Complaint as Exhibit 11. Defendants deny that the ’334 Patent was duly and lawfully issued.

41. Defendants admit that the face of U.S. Patent No. 9,737,797 (the "’797 Patent") bears the title "Wireless Entertainment Device, System, And Method," and that it purports to have been issued by the USPTO on August 22, 2017. Defendants admit that what purports to be a copy of the ’797 Patent is attached to the Complaint as Exhibit 12. Defendants deny that the ’797 Patent was duly and lawfully issued.

42. Defendants admit that the face of U.S. Patent No. 9,770,652 (the "'652 Patent") bears the title "Wireless Interactive Game Having Both Physical and Virtual Elements," and that it purports to have been issued by the USPTO on September 26, 2017. Defendants admit that what purports to be a copy of the '652 Patent is attached to the Complaint as Exhibit 13. Defendants deny that the '652 Patent was duly and lawfully issued.

43. Defendants admit that the face of U.S. Patent No. 9,993,724 (the "'724 Patent") bears the title "Interactive Gaming Toy," and that it purports to have been issued by the USPTO on June 12, 2018. Defendants admit that what purports to be a copy of the '724 Patent is attached to the Complaint as Exhibit 14. Defendants deny that the '724 Patent was duly and lawfully issued.

44. Defendants admit that the face of U.S. Patent No. 10,010,790 (the "'790 Patent") bears the title "System and Method for Playing an Interactive Game," and that it purports to have been issued by the USPTO on July 3, 2018. Defendants admit that what purports to be a copy of the '790 Patent is attached to the Complaint as Exhibit 15. Defendants deny that the '790 Patent was duly and lawfully issued.

45. Defendants admit that the face of U.S. Patent No. 10,022,624 (the "'624 Patent") bears the title "Wireless Interactive Game Having Both Physical and Virtual Elements," and that it purports to have been issued by the USPTO on July 17, 2018. Defendants admit that what purports to be a copy of the '624 Patent is attached to the Complaint as Exhibit 16. Defendants deny that the '624 Patent was duly and lawfully issued.

46. Defendants admit that the face of U.S. Patent No. 10,179,283 (the "'283 Patent") bears the title "Wireless Entertainment Device, System, And Method," and that it purports to have been issued by the USPTO on January 15, 2019. Defendants admit that what purports to be a copy

of the ’283 Patent is attached to the Complaint as Exhibit 17. Defendants deny that the ’283 Patent was duly and lawfully issued.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 of the Complaint and therefore deny them.

## THE ACCUSED PRODUCTS

48. Paragraph 48 of the Complaint contains no factual allegations. To the extent that Paragraph 48 of the Complaint contains factual allegations, Defendants deny them.

49. The Warner Defendants deny that they are presently marketing or selling LEGO® Dimensions Starter Packs, LEGO® Dimensions Story Packs, LEGO® Dimensions Level Packs, LEGO® Dimensions Team Packs, or LEGO® Dimensions Fun Packs. The LEGO Defendants deny that they are presently marketing or selling LEGO® Dimensions Starter Packs, LEGO® Dimensions Story Packs, LEGO® Dimensions Level Packs, LEGO® Dimensions Team Packs, LEGO® Dimensions Fun Packs, or any new SKUs of LEGO® Dimensions Starter Packs. Defendants admit that to the extent they did sell LEGO® Dimensions Starter Packs, those products were configured to work with specific gaming platforms. Defendants admit that to the extent they did sell LEGO® Dimensions Story Packs, LEGO® Dimensions Level Packs, LEGO® Dimensions Team Packs, and LEGO® Dimensions Fun Packs, those products were not platform specific.

50. The Warner Defendants deny the allegations of paragraph 50 of the Complaint as to WB Games Inc. Defendants other than WB Games Inc. admit that they or their affiliates offered products to customers, retailers, or distributors in the United States under the brand name “LEGO® Dimensions” and that the LEGO® Dimensions products were sometimes categorized as being part of the so-called “toys-to-life” product genre. Defendants deny the remaining allegations of Paragraph 50 of the Complaint. Specifically, Defendants deny that they infringe, contribute to the

infringement of, and/or actively induce others to infringe the Asserted Patents and deny that the Asserted Patents are valid.

51. The Warner Defendants admit that they or their affiliates have offered products for distribution under the brand name "LEGO® Dimensions," but deny they have offered products for sale at Amazon, Best Buy, GameStop, Kmart, Target, Toys R Us, Walmart, the LEGO Brand Retail Stores, or the LEGO.com online shop. The LEGO Defendants admit that they or their affiliates have offered products under the brand name "LEGO® Dimensions" for sale at the LEGO Brand Retail Stores and the LEGO.com online shop, but deny they have offered products for sale at Amazon, Best Buy, GameStop, Kmart, Target, Toys R Us, and Walmart. Plaintiffs' allegations in Paragraph 51 concerning the alleged "established distribution channels" through which Defendants have allegedly manufactured, imported, offered for sale, and/or sold the LEGO® Dimensions products is not sufficiently specific such that Defendants can understand the exact nature of Plaintiffs' allegations. Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 51 of the Complaint and therefore deny them.

52. Defendants deny that LEGO® Dimensions products remain available for purchase from the LEGO online shop on www.shop.lego.com. The LEGO Defendants admit that they maintain the www.lego.com website, and aver that the referenced website and its included content speaks for itself. The Warner Defendants lack knowledge or information sufficient to form a belief as to the allegations as to the referenced website in Paragraph 52 of the Complaint and deny the accuracy of the characterizations made therein. The Warner Defendants deny the remaining allegations of Paragraph 52 of the Complaint.

53. The Warner Defendants deny the allegations in Paragraph 53 of the Complaint. The LEGO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and therefore deny them.

54. Defendants admit that they do not have any license from Plaintiffs. Defendants deny the remaining allegations of Paragraph 54 of the Complaint, or any implications intended to arise from them. Specifically, Defendants deny that they infringe, contribute to the infringement of, and/or actively induce others to infringe the Asserted Patents, deny that any license is required, and deny that the Asserted Patents are valid.

**COUNT I – INFRINGEMENT OF THE '275 PATENT**

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. The Warner Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants admit that they have been on notice of the Complaint's allegations concerning Defendants' alleged infringement of the '275 Patent since the service of this Complaint. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to

Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1-2, 5-7, 38, 47, 50-51 of the '275 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '275 Patent on October 6, 2017. Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. The prosecution history of the '275 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

**COUNT II – INFRINGEMENT OF THE '515 PATENT**

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. The Warner Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '515 Patent since the service of this Complaint. The

LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1, 4, 7, 10, 14, 29, 31, 37, and 39 of the '515 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '515 Patent on October 6, 2017. Defendants deny the remaining allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. The prosecution history of the '515 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 81 of the Complaint.

**COUNT III – INFRINGEMENT OF THE '180 PATENT**

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. The Warner Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '180 Patent since the service of this Complaint. The

LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1-4, 8, 16-19, 22-24, 33-35, 39, and 41-43 of the '180 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '180 Patent on October 6, 2017. Defendants deny the remaining allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. The prosecution history of the '180 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 93 of the Complaint.

**COUNT IV – INFRINGEMENT OF THE '688 PATENT**

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. The Warner Defendants deny the allegations of Paragraph 103 of the Complaint.

104. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '688 Patent since the service of this Complaint. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 47-51 and 57-58 of the '688 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '688 Patent on October 6, 2017. Defendants deny the remaining allegations in Paragraph 104 of the Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

106. Defendants deny the allegations in Paragraph 106 of the Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

## COUNT V – INFRINGEMENT OF THE '533 PATENT

108. Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Defendants deny the allegations in Paragraph 109 of the Complaint.

110. Defendants deny the allegations in Paragraph 110 of the Complaint.

111. Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

113. Defendants deny the allegations in Paragraph 113 of the Complaint.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

115. Defendants deny the allegations in Paragraph 115 of the Complaint.

116. The Warner Defendants deny the allegations of Paragraph 116 of the Complaint.

117. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '533 Patent since the service of this Complaint. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1-4, 7 and 8-12 of the '533 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '533 Patent on October 6, 2017. Defendants deny the remaining allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

**<u>COUNT VI – INFRINGEMENT OF THE '149 PATENT</u>**

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

122. Defendants deny the allegations in Paragraph 122 of the Complaint.

123. Defendants deny the allegations in Paragraph 123 of the Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Complaint.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

129. The Warner Defendants deny the allegations of Paragraph 129 of the Complaint.

130. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '149 Patent since the service of this Complaint. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1-6, 8-9, 11-14, 15-18, and 20 of the '149 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '149 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 130 of the Complaint.

131. Defendants deny the allegations in Paragraph 131 of the Complaint.

132. The prosecution history of the '149 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 132 of the Complaint.

**COUNT VII – INFRINGEMENT OF THE '206 PATENT**

133. Defendants deny the allegations in Paragraph 133 of the Complaint.

134. Defendants deny the allegations in Paragraph 134 of the Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Complaint.

136. Defendants deny the allegations in Paragraph 136 of the Complaint.

137. Defendants deny the allegations in Paragraph 137 of the Complaint.

138. Defendants deny the allegations in Paragraph 138 of the Complaint.

139. Defendants deny the allegations in Paragraph 139 of the Complaint.

140. Defendants deny the allegations in Paragraph 140 of the Complaint.

141. Defendants deny the allegations in Paragraph 141 of the Complaint.

142. Defendants deny the allegations in Paragraph 142 of the Complaint.

143. The Warner Defendants deny the allegations of Paragraph 143 of the Complaint.

144. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '206 Patent since the service of this Complaint. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1-2, 6-8, 10, 23-24, 26, 28-29, and 30-34 of the '206 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '206 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 144 of the Complaint.

145. Defendants deny the allegations in Paragraph 145 of the Complaint.

146. Defendants deny the allegations in Paragraph 146 of the Complaint.

147. Defendants deny the allegations in Paragraph 147 of the Complaint.

## COUNT VIII – INFRINGEMENT OF THE '491 PATENT

148. Defendants deny the allegations in Paragraph 148 of the Complaint.

149. Defendants deny the allegations in Paragraph 149 of the Complaint.

150. Defendants deny the allegations in Paragraph 150 of the Complaint.

151. Defendants deny the allegations in Paragraph 151 of the Complaint.

152. Defendants deny the allegations in Paragraph 152 of the Complaint.

153. Defendants deny the allegations in Paragraph 153 of the Complaint.

154. Defendants deny the allegations in Paragraph 154 of the Complaint.

155. Defendants deny the allegations in Paragraph 155 of the Complaint.

156. Defendants deny the allegations in Paragraph 156 of the Complaint.

157. Defendants deny the allegations in Paragraph 157 of the Complaint.

158. The Warner Defendants deny the allegations of Paragraph 158 of the Complaint.

159. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '491 Patent since the service of this Complaint. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1-4, 8-10 and 12 of the '491 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '491 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 159 of the Complaint.

160. Defendants deny the allegations in Paragraph 160 of the Complaint.

161. Defendants deny the allegations in Paragraph 161 of the Complaint.

162. Defendants deny the allegations in Paragraph 162 of the Complaint.

## <u>COUNT IX – INFRINGEMENT OF THE '500 PATENT</u>

163. Defendants deny the allegations in Paragraph 163 of the Complaint.

164. Defendants deny the allegations in Paragraph 164 of the Complaint.

165. Defendants deny the allegations in Paragraph 165 of the Complaint.

166. Defendants deny the allegations in Paragraph 166 of the Complaint.

167. Defendants deny the allegations in Paragraph 167 of the Complaint.

168. Defendants deny the allegations in Paragraph 168 of the Complaint.

169. Defendants deny the allegations in Paragraph 169 of the Complaint.

170. Defendants deny the allegations in Paragraph 170 of the Complaint.

171. Defendants deny the allegations in Paragraph 171 of the Complaint.

172. Defendants deny the allegations in Paragraph 172 of the Complaint.

173. Defendants deny the allegations in Paragraph 173 of the Complaint.

174. The Warner Defendants deny the allegations of Paragraph 174 of the Complaint.

175. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '500 Patent since the service of this Complaint. The LEGO Defendants admit that on July 19, 2016, Pat O'Reilley of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Robin Smith of LEGO Systems, Inc. offering to "open a dialogue...about LEGO (sic) becoming a non-exclusive licensee of the MQG portfolio" and that claims 1-2, 4, 6-8, 9-14, 15-16, and 18-20 of the '500 Patent were referenced in the July 19, 2016 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '500 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 175 of the Complaint.

176. Defendants deny the allegations in Paragraph 176 of the Complaint.

177. Defendants deny the allegations in Paragraph 177 of the Complaint.

178. Defendants deny the allegations in Paragraph 178 of the Complaint.

**COUNT X – INFRINGEMENT OF THE '380 PATENT**

179. Defendants deny the allegations in Paragraph 179 of the Complaint.

180. Defendants deny the allegations in Paragraph 180 of the Complaint.

181. Defendants deny the allegations in Paragraph 181 of the Complaint.

182. Defendants deny the allegations in Paragraph 182 of the Complaint.

183. Defendants deny the allegations in Paragraph 183 of the Complaint.

184. Defendants deny the allegations in Paragraph 184 of the Complaint.

185. Defendants deny the allegations in Paragraph 185 of the Complaint.

186. Defendants deny the allegations in Paragraph 186 of the Complaint.

187. Defendants deny the allegations in Paragraph 187 of the Complaint.

188. The Warner Defendants deny the allegations of Paragraph 188 of the Complaint.

189. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '380 Patent since the service of this Complaint. The LEGO Defendants admit that on July 11, 2017, Brian Kacedon of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Andrew M. Riddles of Day Pitney LLP "provid[ing] notice to your client that MQ Gaming has obtained two additional patents that appear to be infringed by the 'LEGO Dimensions' product line" and that claims 1, and 5-7 of the '380 Patent were referenced in the July 11, 2017 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '380 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 189 of the Complaint.

190. Defendants deny the allegations in Paragraph 190 of the Complaint.

191. Defendants deny the allegations in Paragraph 191 of the Complaint.

192. Defendants deny the allegations in Paragraph 192 of the Complaint.

**COUNT XI – INFRINGEMENT OF THE '334 PATENT**

193. Defendants deny the allegations in Paragraph 193 of the Complaint.

194. Defendants deny the allegations in Paragraph 194 of the Complaint.

195. Defendants deny the allegations in Paragraph 195 of the Complaint.

196. Defendants deny the allegations in Paragraph 196 of the Complaint.

197. Defendants deny the allegations in Paragraph 197 of the Complaint.

198. Defendants deny the allegations in Paragraph 198 of the Complaint.

199. Defendants deny the allegations in Paragraph 199 of the Complaint.

200. Defendants deny the allegations in Paragraph 200 of the Complaint.

201. Defendants deny the allegations in Paragraph 201 of the Complaint.

202. The Warner Defendants deny the allegations of Paragraph 202 of the Complaint.

203. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '334 Patent since the service of this Complaint. The LEGO Defendants admit that on July 11, 2017, Brian Kacedon of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Andrew M. Riddles of Day Pitney LLP "provid[ing] notice to your client that MQ Gaming has obtained two additional patents that appear to be infringed by the 'LEGO Dimensions' product line" and that claims 8-12 of the '334 Patent were referenced in the July 11, 2017 letter. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '380 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 203 of the Complaint.

204. Defendants deny the allegations in Paragraph 204 of the Complaint.

205. Defendants deny the allegations in Paragraph 205 of the Complaint.

206. Defendants deny the allegations in Paragraph 206 of the Complaint.

**COUNT XII – INFRINGEMENT OF THE '797 PATENT**

207. Defendants deny the allegations in Paragraph 207 of the Complaint.

208. Defendants deny the allegations in Paragraph 208 of the Complaint.

209. Defendants deny the allegations in Paragraph 209 of the Complaint.

210. Defendants deny the allegations in Paragraph 210 of the Complaint.

211. Defendants deny the allegations in Paragraph 211 of the Complaint.

212. Defendants deny the allegations in Paragraph 212 of the Complaint.

213. Defendants deny the allegations in Paragraph 213 of the Complaint.

214. Defendants deny the allegations in Paragraph 214 of the Complaint.

215. Defendants deny the allegations in Paragraph 215 of the Complaint.

216. Defendants deny the allegations in Paragraph 216 of the Complaint.

217. Defendants deny the allegations in Paragraph 217 of the Complaint.

218. Defendants deny the allegations in Paragraph 218 of the Complaint.

219. Defendants deny the allegations in Paragraph 219 of the Complaint.

220. The Warner Defendants deny the allegations of Paragraph 220 of the Complaint.

221. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '797 Patent since the service of this Complaint. The LEGO Defendants admit that on September 7, 2017, Brian Kacedon of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, emailed Andrew M. Riddles, Elizabeth Alquist, and Ryan Osterweil of Day Pitney LLP "advis[ing] that that [sic] MQ Gaming has been awarded another patent, U.S. Patent No. 9,737,797, which it believes is being infringed by the LEGO Dimensions product" and that claims 1-6, 8-12, and 14 of the '797 Patent were referenced in the September 7, 2017 email. The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their

alleged infringement of the ’797 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 221 of the Complaint.

222. Defendants deny the allegations in Paragraph 222 of the Complaint.

223. Defendants deny the allegations in Paragraph 223 of the Complaint.

224. Defendants deny the allegations in Paragraph 224 of the Complaint.

**COUNT XIII – INFRINGEMENT OF THE ’652 PATENT**

225. Defendants deny the allegations in Paragraph 225 of the Complaint.

226. Defendants deny the allegations in Paragraph 226 of the Complaint.

227. Defendants deny the allegations in Paragraph 227 of the Complaint.

228. Defendants deny the allegations in Paragraph 228 of the Complaint.

229. Defendants deny the allegations in Paragraph 229 of the Complaint.

230. Defendants deny the allegations in Paragraph 230 of the Complaint.

231. Defendants deny the allegations in Paragraph 231 of the Complaint.

232. Defendants deny the allegations in Paragraph 232 of the Complaint.

233. Defendants deny the allegations in Paragraph 233 of the Complaint.

234. The Warner Defendants deny the allegations of Paragraph 234 of the Complaint.

235. Defendants admit that they have been on notice of Plaintiffs’ allegations concerning Defendants’ alleged infringement of the ’652 Patent since the service of this Complaint. The LEGO Defendants admit that on September 29, 2017, Brian Kacedon of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Andrew M. Riddles of Day Pitney LLP “provid[ing] notice to LEGO that MQ Gaming has obtained an additional patent...that appear to be infringed by the ‘LEGO Dimensions’ product line” and that claims 1-3, 5-16, 18, and 20 of the ’652 Patent were referenced in the September 29, 2017 letter.

The Warner Defendants deny the allegations concerning the Warner Defendants' alleged notice of MQ Gaming's allegations concerning their alleged infringement of the '652 Patent on October 6, 2017. Defendants deny the remaining allegations of Paragraph 235 of the Complaint.

236. Defendants deny the allegations in Paragraph 236 of the Complaint.

237. Defendants deny the allegations in Paragraph 237 of the Complaint.

238. The prosecution history of the '652 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 238 of the Complaint.

**COUNT XIV – INFRINGEMENT OF THE '724 PATENT**

239. Defendants deny the allegations in Paragraph 239 of the Complaint.

240. Defendants deny the allegations in Paragraph 240 of the Complaint.

241. Defendants deny the allegations in Paragraph 241 of the Complaint.

242. Defendants deny the allegations in Paragraph 242 of the Complaint.

243. Defendants deny the allegations in Paragraph 243 of the Complaint.

244. Defendants deny the allegations in Paragraph 244 of the Complaint.

245. Defendants deny the allegations in Paragraph 245 of the Complaint.

246. Defendants deny the allegations in Paragraph 246 of the Complaint.

247. Defendants deny the allegations in Paragraph 247 of the Complaint.

248. Defendants deny the allegations in Paragraph 248 of the Complaint.

249. Defendants deny the allegations in Paragraph 249 of the Complaint.

250. Defendants deny the allegations in Paragraph 250 of the Complaint.

251. Defendants deny the allegations in Paragraph 251 of the Complaint.

252. The Warner Defendants deny the allegations of Paragraph 252 of the Complaint.

253. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '724 Patent since the service of this Complaint. The LEGO Defendants admit that on July 28, 2018, Elizabeth Ferrill of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Andrew M. Riddles of Day Pitney LLP "provid[ing] formal notice to your client that MQ Gaming has obtained three additional patents that appear to be infringed by the 'LEGO Dimensions' product line" and that claims 1, 3, 5-7, 8, and 10-13 of the '724 Patent were referenced in the July 28, 2018 letter. The Warner Defendants admit that on July 27, 2018 Elizabeth Ferrill of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, purporting to represent MQ Gaming sent a letter to David Haddad at Warner Bros. Interactive Entertainment "provid[ing] notice that MQG has obtained three additional patents that appear to be infringed by the 'LEGO Dimensions' product line" and that claims 1, 3, 5-7, 8, and 10-13 of the '724 Patent were referenced in the July 28, 2018 letter. Defendants deny the remaining allegations of Paragraph 253 of the Complaint.

254. Defendants deny the allegations in Paragraph 254 of the Complaint.

255. Defendants deny the allegations in Paragraph 255 of the Complaint.

256. Defendants deny the allegations in Paragraph 256 of the Complaint.

## COUNT XV – INFRINGEMENT OF THE '790 PATENT

257. Defendants deny the allegations in Paragraph 257 of the Complaint.

258. Defendants deny the allegations in Paragraph 258 of the Complaint.

259. Defendants deny the allegations in Paragraph 259 of the Complaint.

260. Defendants deny the allegations in Paragraph 260 of the Complaint.

261. Defendants deny the allegations in Paragraph 261 of the Complaint.

262. Defendants deny the allegations in Paragraph 262 of the Complaint.

263. Defendants deny the allegations in Paragraph 263 of the Complaint.

264. Defendants deny the allegations in Paragraph 264 of the Complaint.

265. Defendants deny the allegations in Paragraph 265 of the Complaint.

266. The Warner Defendants deny the allegations of Paragraph 266 of the Complaint.

267. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '790 Patent since the service of this Complaint. The LEGO Defendants admit that on July 28, 2018, Elizabeth Ferrill of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Andrew M. Riddles of Day Pitney LLP "provid[ing] formal notice to your client that MQ Gaming has obtained three additional patents that appear to be infringed by the 'LEGO Dimensions' product line" and that claims 1-6, 7-8, 11-13, 14-16, and 18-20 of the '790 Patent were referenced in the July 28, 2018 letter. The Warner Defendants admit that on July 27, 2018 Elizabeth Ferrill of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, purporting to represent MQ Gaming sent a letter to David Haddad at Warner Bros. Interactive Entertainment "provid[ing] notice that MQG has obtained three additional patents that appear to be infringed by the 'LEGO Dimensions' product line" and that claims 1-6, 7-8, 11-13, 14-16, and 18-20 of the '790 Patent were referenced in the July 28, 2018 letter. Defendants deny the remaining allegations of Paragraph 267 of the Complaint.

268. Defendants deny the allegations in Paragraph 268 of the Complaint.

269. Defendants deny the allegations in Paragraph 269 of the Complaint.

270. Defendants deny the allegations in Paragraph 270 of the Complaint.

**<u>COUNT XVI – INFRINGEMENT OF THE '624 PATENT</u>**

271. Defendants deny the allegations in Paragraph 271 of the Complaint.

272. Defendants deny the allegations in Paragraph 272 of the Complaint.

273. Defendants deny the allegations in Paragraph 273 of the Complaint.

274. Defendants deny the allegations in Paragraph 274 of the Complaint.

275. Defendants deny the allegations in Paragraph 275 of the Complaint.

276. Defendants deny the allegations in Paragraph 276 of the Complaint.

277. Defendants deny the allegations in Paragraph 277 of the Complaint.

278. Defendants deny the allegations in Paragraph 278 of the Complaint.

279. Defendants deny the allegations in Paragraph 279 of the Complaint.

280. Defendants deny the allegations in Paragraph 280 of the Complaint.

281. Defendants deny the allegations in Paragraph 281 of the Complaint.

282. Defendants deny the allegations in Paragraph 282 of the Complaint.

283. The Warner Defendants deny the allegations of Paragraph 283 of the Complaint.

284. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '624 Patent since the service of this Complaint. The LEGO Defendants admit that on July 28, 2018, Elizabeth Ferrill of Finnegan, Henderson, Farabow, Garrett & Dunner, LP, purporting to represent MQ Gaming, sent a letter to Andrew M. Riddles of Day Pitney LLP "provid[ing] formal notice to your client that MQ Gaming has obtained three additional patents that appear to be infringed by the 'LEGO Dimensions' product line" and that claims 1-2, 4-7, 8-9, 11-12, 13-14, and 16-20 of the '624 Patent were referenced in the July 28, 2018 letter. The Warner Defendants admit that on July 27, 2018 Elizabeth Ferrill of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, purporting to represent MQ Gaming sent a letter to David Haddad at Warner Bros. Interactive Entertainment "provid[ing] notice that MQG has obtained three additional patents that appear to be infringed by the 'LEGO Dimensions' product

line" and that claims 1-2, 4-7, 8-9, 11-12, 13-14, and 16-20 of the '624 Patent were referenced in the July 28, 2018 letter. Defendants deny the remaining allegations of Paragraph 284 of the Complaint.

285. Defendants deny the allegations in Paragraph 285 of the Complaint.

286. Defendants deny the allegations in Paragraph 286 of the Complaint.

287. Defendants deny the allegations in Paragraph 287 of the Complaint.

**COUNT XVII – INFRINGEMENT OF THE '283 PATENT**

288. Defendants deny the allegations in Paragraph 288 of the Complaint.

289. Defendants deny the allegations in Paragraph 289 of the Complaint.

290. Defendants deny the allegations in Paragraph 290 of the Complaint.

291. Defendants deny the allegations in Paragraph 291 of the Complaint.

292. Defendants deny the allegations in Paragraph 292 of the Complaint.

293. Defendants deny the allegations in Paragraph 293 of the Complaint.

294. Defendants deny the allegations in Paragraph 294 of the Complaint.

295. Defendants deny the allegations in Paragraph 295 of the Complaint.

296. Defendants deny the allegations in Paragraph 296 of the Complaint.

297. Defendants deny the allegations in Paragraph 297 of the Complaint.

298. Defendants deny the allegations in Paragraph 298 of the Complaint.

299. Defendants deny the allegations in Paragraph 299 of the Complaint.

300. The Warner Defendants deny the allegations of Paragraph 300 of the Complaint.

301. Defendants admit that they have been on notice of Plaintiffs' allegations concerning Defendants' alleged infringement of the '283 Patent since the service of this Complaint. Defendants deny the remaining allegations of Paragraph 301 of the Complaint.

302. Defendants deny the allegations in Paragraph 302 of the Complaint.

303. Defendants deny the allegations in Paragraph 303 of the Complaint.

304. Defendants deny the allegations in Paragraph 304 of the Complaint.

## DEMAND FOR TRIAL BY JURY

305. Defendants admit that the Complaint sets forth a demand for a trial by jury on all issues so triable. Defendants likewise demand a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

Plaintiffs' Request for Relief requires no response. To the extent a response is required, Defendants contend that Plaintiffs are not entitled to, and should not recover, any of the requested relief.

## AFFIRMATIVE DEFENSES

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. Subject to the responses above, and without conceding that any of the following defenses must necessarily be pled, or that any such defenses are not already at issue by virtue of the foregoing denials, Defendants assert the following defenses. Defendants undertake the burden of proof only as to those defenses deemed affirmative defenses by law. In addition to the defenses described below, Defendants reserve the right to amend this Answer and these Defenses as additional information is obtained.

### First Defense
### (Non-Infringement)

1. Defendants do not infringe and have not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents (as that term is defined in Paragraph 47 of the Complaint), either directly, contributorily, by inducement, jointly, or in any other manner.

**<u>Second Defense</u>**
**(Invalidity)**

2. All of the claims of the Asserted Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including without limitation §§ 101, 102, 103, 112, and/or 116.

**<u>Third Defense</u>**
**(Equitable Defenses)**

3. Plaintiffs' claims for relief are barred, in whole or in part, by the principles of equity, including without limitation, acquiescence, estoppel, misconduct, unfair competition, and/or other equitable defenses.

**<u>Fourth Defense</u>**
**(Limitation on Damages and Costs)**

4. Any claim by Plaintiffs for damages or recovery of costs is limited by the Patent Act, including without limitation, 35 U.S.C. §§ 286, 287, and/or 288.

**<u>Fifth Defense</u>**
**(Disclaimer/Prosecution History Estoppel)**

5. Plaintiffs are estopped from construing any valid claim of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, any product made, used, imported, sold, or offered for sale by Defendants because of the admissions and/or statements made to the USPTO in the specifications of, and during the prosecution of, the applications leading to the issuance of the Asserted Patents.

**<u>Sixth Defense</u>**
**(Exceptional Case)**

6. This is an exceptional case, and Defendants are entitled to recover their reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**Seventh Defense**
**(Lack of Personal Jurisdiction – WB Games Inc.)**

7. This Court does not have personal jurisdiction as to Defendant WB Games Inc.

**Eighth Defense**
**(Improper Venue – WB Games Inc.)**

8. Venue is improper as to WB Games Inc.

**Reservation of Rights to Assert Additional Defenses**

Defendants are presently investigating the facts relating to the issuance of the Asserted Patents, the ownership history of the Asserted Patents, and the assertions of infringement against Defendants, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Defendants reserve the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery and further factual investigation in this case.

**COUNTERCLAIMS**

For their counterclaims Warner Bros. Home Entertainment Inc., LEGO Systems, Inc. and LEGO Brand Retail, Inc. (collectively "Counterclaim-Plaintiffs") allege as follows:

**THE PARTIES**

1. Warner Bros. Home Entertainment is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 4000 Warner Boulevard, Burbank, California 91522. LEGO Systems Inc. and LEGO Brand Retail, Inc. (a subsidiary of LEGO

Systems, Inc.), are corporations existing under the laws of the State of Delaware, with their principal place of business located at 100 Print Shop Road, Enfield, Connecticut 06083-1600.

2. Upon information and belief, MQ Gaming, LLC and Creative Kingdoms Technologies LLC ("Counterclaim-Defendants) are limited liability companies organized and existing under the laws of the State of Delaware, with their principal place of business at 1 Park, Plaza, Suite 900, Irvine, California 92614.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Counterclaim-Plaintiffs' non-infringement and invalidity counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4. This Court has personal jurisdiction over Counterclaim-Defendants, as each is a Delaware corporation and has availed itself of the Delaware courts by making in this Court claims of alleged patent infringement of the Asserted Patents.

5. Venue is proper in this judicial district pursuant to, *inter alia* 28 U.S.C. § 1391 (b). Counterclaim-Defendants have also consented to venue in this Court by bringing this action against Counterclaim-Plaintiffs in this district and thus venue for Counterclaim-Plaintiffs' counterclaims is proper in this judicial district.

**FIRST COUNT**

**(Declaration of Non-Infringement of the Asserted Patents)**

6. Counterclaim-Plaintiffs repeat and incorporate by reference the preceding Paragraphs 1-5 of their Counterclaims as though fully set for herein.

7. Counterclaim-Defendants have brought a patent infringement action against Counterclaim-Plaintiffs.

8. MQ Gaming, LLC has alleged that it is the owner by assignment of the entire right, title, and interest in and to the Asserted Patents. Creative Kingdoms Technologies LLC has alleged that it is an exclusive field-of-use licensee to the Asserted Patents.

9. Counterclaim-Defendants have alleged and continue to allege that Counterclaim-Plaintiffs have directly infringed and continue to directly infringe one or more claims of each of the Asserted Patents.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Counterclaim-Defendants and Counterclaim-Plaintiffs concerning whether Counterclaim-Plaintiffs have infringed (directly or indirectly) and are infringing any valid and enforceable claim of the Asserted Patents.

11. Counterclaim-Plaintiffs have never made, used, imported, offered for sale and/or sold in the United States any products or services that infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

12. Counterclaim-Plaintiffs have never contributed to the infringement of, or induced others to infringe, any valid and enforceable claim of the Asserted Patents.

13. By virtue of the foregoing, Counterclaim-Plaintiffs desire a judicial determination of their rights and duties with respect to any alleged infringement of the Asserted Patents.

14. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**SECOND COUNT**

**(Declaration of Invalidity of the Asserted Patents)**

15. Counterclaim-Plaintiffs repeat and incorporate by reference the preceding Paragraphs 1-14 of their Counterclaims as though fully set for herein.

16. Counterclaim-Defendants have brought a patent infringement action against Counterclaim-Plaintiffs.

17. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Counterclaim-Defendants and Counterclaim-Plaintiffs regarding the invalidity of one or more claims of the Asserted Patents.

18. Upon information and belief, the claims of the Asserted Patents are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

19. By virtue of the foregoing, Counterclaim-Plaintiffs desire a judicial determination of their rights and duties with respect to the invalidity of the asserted claims of the Asserted Patents.

20. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

A. That this Court fully and finally dismiss Plaintiffs' claims against Defendants and order that Plaintiffs take nothing from Defendants;

B. That this Court enter judgment and/or declarations that Defendants do not infringe the Asserted Patents and that the Asserted Patents are invalid and unenforceable against Defendants;

C. That this Court enter a judgment declaring this case exceptional under 35 U.S.C.

§ 285 and awarding Defendants their attorneys' fees and prejudgment interest;

D. That this Court award Defendants all of their costs of this action; and

F. That this Court grant Defendants such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

Dated: September 27, 2019

**DUANE MORRIS LLP**

*/s/ Richard L. Renck*
Richard L. Renck (#3893)
**DUANE MORRIS LLP**
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone (302) 657-4900
Facsimile: (302) 657-4901
rlrenck@duanemorris.com

*Counsel For Defendants / Counterclaim Plaintiffs, LEGO Systems, Inc., LEGO Brand Retail, Inc., Warner Bros. Home Entertainment Inc., Warner Bros. Interactive Entertainment Inc., And WB Games Inc.*